# PARKER HANSKI LLC
40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:      212.248.5600

April 7, 2020

<u>Via ECF</u>
The Honorable Robert W. Lehrburger
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:     Jose Mario Perez, Jr v. 33rd Street Investors I LLC and Wattle Cafe LLC.;
        Docket No.  19-cv-1392 (ALC)(RWL)

Dear Judge Lehrburger:

We represent the plaintiff in the above-entitled action.  Pursuant to Your Honor's Individual Rules of Practice, we write to respectfully ask the Court to schedule a pre-motion conference for the purposes of discussing plaintiff's need to make a motion to compel defendant Wattle Cafe LLC ("***defendant***") to immediately respond to plaintiff's First Request for Documents and First Set of Interrogatories (collectively, "***Plaintiff's Discovery Demands***") without objections.[1]

Plaintiff apologizes for bringing this issue to the Court's attention but has no choice as defendant refuses to respond to plaintiff at all.  Before making this application, plaintiff made multiple good faith attempts to resolve defendant's default to no avail.  Plaintiff first notified defendant of its failure to respond, and after receiving no response, plaintiff thereafter attempted to confer in good faith by telephone with defendant's counsel to resolve the discovery dispute.[2] Unfortunately, defense counsel continues its pattern and practice[3] of obstructing plaintiff's efforts to obtain discovery by failing to respond.

The discovery at issue is relevant to the discrimination claims raised by plaintiff in his Complaint[4] and the affirmative defenses raised by defendant in its Answer.  Absent an order

---

[1] Plaintiff's Discovery Demands were served on October 25, 2019.  As defendant failed to respond to Plaintiff's Discovery Demands within 30 days as required by Rules 34 and 33(b) of the Federal Rules of Civil Procedure (F.R.C.P.), as a matter of law defendant waived all of its objections. See *Rahman v. Smith & Wollensky*, 2007 WL 1521117 at *2 (S.D.N.Y. 2007).

[2] The undersigned emailed defendant's counsel on March 25, 2020, March 26, 2020 and April 2, 2020 seeking to schedule a telephonic "meet and confer" on multiple specified dates or on a date convenient to defendant's counsel. Defendant's counsel did not respond to any of the emails.  Curiously, defense counsel did email and promptly respond to the undersigned's firm's emails on another Federal action for which defendant's counsel was seeking to make an application on consent.

[3] By way of example, plaintiff had to reschedule his expert's inspection of defendant's premises twice as the first two times defendant provided last minute notice that the inspection would not be permitted to proceed.

[4] Plaintiff brought this action, seeking remediation of the architectural barriers extant at defendant's public accommodation, pursuant to Title III of the Americans with disabilities Act, 42 U.S.C. § 12181 *et seq*. (the "***ADA***"),

compelling discovery, plaintiff is unfairly prejudiced because defendant's litigation abuses constrain plaintiff's ability to prosecute his claims. Similar to defendant's unlawful exclusion of the disabled from its store, defendant deceitfully bars plaintiff from developing relevant evidence to meet his burden regarding his discrimination claims and to disprove defendant's affirmative defenses.

Plaintiff's Discovery Demands are directly relevant to his public accommodation discrimination claims as they relate to three core areas from which such public accommodation discrimination arises. These three core areas are: (1) architectural, which relates to prohibited design and construction barriers, as well as the design and construction accessibility required at places of public accommodation; (2) financial, which relates to amounts improperly diverted from, and required for, accessibility; and (3) operational, which relates to the discriminatory policies and practices that have disparately impacted plaintiff.

The core areas covered in Plaintiff's Discovery Demands are also directly relevant to the factual issues underlying defendant's affirmative defenses to public accommodation discrimination, including its architectural, financial and operational defenses.[5]

     a.    <u>Architectural</u>

Plaintiff's discovery seeks architectural records and construction related documents, including costs (*e.g.*, building plans and permits, property surveys and due diligence reports). As shown above, such documents are germane to plaintiff's claims of discrimination and to show that the architectural and construction components of defendant's not readily achievable and equivalent facilitation defenses are unsound.

     b.    <u>Financial</u>

Plaintiff further seeks financial information from defendant (*e.g.*, the nature and cost of making the premises accessible, overall financial resources of the site, effect on expenses and resources) as it is relevant to the financial portion of defendant's readily achievable and undue hardship defenses. Plaintiff also seeks ownership and leasing information as they are relevant to confirm what parties, if any, other than defendant, owns, leases or operates the places of public accommodation.

---

New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City of New York (collectively, the "***Accessibility Laws***").

[5] Defendant's affirmative defenses include architectural, financial and operational defenses, including: Plaintiff's claims are barred because the modifications Plaintiff seeks are not "'alterations' within the meaning of the ADA or Title 24 and/or do not trigger an 'alteration' legal standard" (7th affirmative defense); "the barrier removal Plaintiff seeks under the ADA … is not 'readily achievable' or easily accomplishable and able to be carried out without much difficulty or expense …" (6th affirmative defense); and Plaintiff's claims are barred because "the location has provided 'equivalent facilitation'" (4th affirmative defense). See ECF Docket No. 21.

      c.      <u>Operational</u>

Lastly, plaintiff's discovery of defendant's operational documents (*e.g.*, manuals, policies and procedures) is directed at showing defendant's policies and practices have disparately impacted plaintiff.

For the reasons set forth above, plaintiff respectfully requests a pre-motion conference for the purpose of plaintiff's application to make a motion to compel defendant to immediately provide its responses to Plaintiff's Discovery Demands, with no objections due to waiver.[6]

Thank you for your time and attention to this matter. With kindest regards, I am

      very truly yours,

      /s/

      Robert G. Hanski, Esq.

---

[6] See Fed. R. Civ. P. 33(b)(4); See *Rahman v. Smith & Wollensky*, 2007 WL 1521117 at *2 (S.D.N.Y. 2007).