USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: December 23, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JOSE MARIO PEREZ, JR.,

                Plaintiff,

   - against -

33RD STREET INVESTORS I LLC and
WATTLE CAFÉ LLC,

                Defendants.

-------------------------------------------------------------X

19-CV-1392 (ALC) (RWL)

**ORDER**

**Andrew L. Carter Jr., United States District Judge.**

      This is a case under the Americans with Disability Act, 42 U.S.C. §§ 12181 et seq., and analogous state and local law, alleging that the defendant tenant restaurant Wattle Café LLC (the "Restaurant"), and landlord 33rd Street Investors I LLC, operate a place of public accommodation that discriminates against Plaintiff by failing to make the Restaurant wheelchair accessible.

      On December 1, 2020, defense counsel for the Restaurant filed a letter requesting dismissal of the case as moot because the Restaurant had permanently closed, vacated the premises, and ceased operations.  (Dkt. 67.)  Plaintiff filed a letter on December 8, 2020 opposing the request, for the reason that the Restaurant had not submitted sufficient proof of permanent closure.  (Dkt. 69.)  On December 14, 2020, at the direction of the Court (Dkt. 70), the principal of the Restaurant filed a sworn affidavit confirming that the Restaurant had ceased operations, no longer held a lease to the premises, and has no plans to reopen at the premises.  (Dkt. 71.)  On December 15, 2020, Magistrate Judge Lehrburger issued an order to show cause why the case should not be dismissed as moot. (Dkt. 72.)  On December 22, 2020, Plaintiff filed a letter in response to the order to show

cause stating that plaintiff "takes no position" concerning whether the case should be dismissed as moot. (Dkt. 73.)

The Restaurant has provided unrebutted proof that it has ceased operations, terminated its lease, vacated the premises, and has no plans to return. There thus no longer is a federal case or controversy, and the only federal claim is moot and subject to dismissal. *See Dunbar v. Empire Szechuan Noodle House Inc.*, No. 18-CV-9625, 2020 WL 2132339 (S.D.N.Y. May 5, 2020) (holding federal ADA claim became moot when restaurant vacated the premises); *Flint v. Atlantic Networks, LLC*, No. 18-CV-5534, 2020 WL 2393803, at *1 (E.D.N.Y. Feb. 28, 2020) (granting motion to dismiss based on mootness where "either remediation has been completed or cannot be completed because the restaurant closed" and Plaintiff did not oppose motion); *Thomas v. Grunberg 77 LLC*, No. 15-CV1925, 2017 WL 3225989, at *2 (S.D.N.Y. July 5, 2017) (dismissing claims against restaurant tenant as moot where all parties agreed that "plaintiff's sole federal claim, brought for injunctive relief under the ADA, became moot when [the restaurant] closed and the Tenant vacated the premises"), *R. & R. adopted*, 2017 WL 3263141 (S.D.N.Y. July 28, 2017); *Charnoff v. Baldwin Realty Group, Inc.*, 803 N.Y.S.2d 17 (Table), 2005 WL 1875739, at *3 (Sup. Ct. June 30, 2005) (dismissing ADA claim because the "defendant has submitted an affidavit establishing that the [ ] business is closed and the building is currently vacant"); *see also Antolini v. 110 Thompson St Owners Corp et al.*, No. 19-CV-10567-PGG-RWL (S.D.N.Y. Sept. 28, 2020) at Dkt. 107 (report and recommendation to dismiss ADA action against restaurant tenant that closed and vacated premises).

In the absence of any federal claim, and this action being at an early juncture, the Court declines to exercise supplemental jurisdiction over any of the state or local law claims.  Accordingly, this case hereby is DISMISSED without prejudice, each party to bear its own costs.  The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

_____
ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated:     December 23, 2020
           New York, New York